UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CASE NO.:  9:26cv80682

LOUIS NAVELLIER and
WENDY NAVELLIER,

       Plaintiffs,

v.

U.S. SECURITIES AND EXCHANGE
COMMISSION,

       Defendant.

_____/

COMPLAINT FOR DECLARATORY JUDGMENT,
RETURN OF SEIZED PROPERTY, AND RELEASE OF LIENS

Plaintiffs Louis Navellier ("Mr. Navellier") and Wendy Navellier ("Mrs. Navellier") (collectively, the "Navelliers"), by undersigned counsel, hereby file this action against the U.S. Securities and Exchange Commission (the "SEC") seeking a declaratory judgment, injunctive relief, release of liens, and return of improperly seized property.

PARTIES, JURISDICTION, AND VENUE

1.      Plaintiffs Mr. and Mrs. Navellier have been at all relevant times husband and wife, and residents of Palm Beach County, Florida.

2.      Defendant SEC is a U.S. federal government agency headquartered in Washington, D.C.

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1346(f), 28 U.S.C. §2409(a), and 28 U.S.C. §2410. The SEC has waived sovereign immunity

1

pursuant to 5 U.S.C. §702, 26 U.S.C. §6402(g), 28 U.S.C. §1346(f), 28 U.S.C. §2201, 28 U.S.C. §2409(a), and 28 U.S.C. §2410.

4.      Venue is proper, pursuant to 28 U.S.C. §1402, because the Navelliers reside in this District. Furthermore, the SEC has engaged, and continues to engage in invalid collection efforts, attempting to satisfy **Mr. Navellier's** judgment debt from real and personal "tenancy by the entirety" properties located in this District that are indivisibly owned by **Mrs. Navellier**, who is not a judgment debtor.

### INTRODUCTION

5.      The Navelliers own real and personal property, including their primary Florida residence, which they hold together as tenants by the entireties.

6.      Under Florida law, tenancy by the entireties ("TBE") is a specialized form of joint ownership reserved exclusively for married couples. It treats spouses not as two individuals holding a 50% share, but as a ***single legal entity that owns 100% of the property***. Neither spouse possesses a separate, divisible interest in the property.

7.      TBE provides robust asset protection because the property cannot be severed or seized unless both spouses are jointly liable for a debt. Property held as TBE is entirely exempt from creditors of just one spouse. This means a creditor with a judgment against one spouse cannot force the sale, place a lien on, or seize the couple's TBE assets. A creditor can only attach a lien to TBE property if the judgment is against ***both*** spouses jointly.

8.      TBE protections are not limited to real estate; they apply to both real and personal property, including bank accounts, brokerage accounts, tax refunds, vehicles, business interests, and other jointly titled assets.

2

9.      Section 655.79(1), Florida Statutes, is illustrative. Under that law, a bank account in the name of a married couple is considered TBE unless otherwise specified in writing:

> Unless otherwise expressly provided in a contract, agreement, or signature card executed in connection with the opening or maintenance of an account, including a certificate of deposit, a deposit account in the names of two or more persons shall be presumed to have been intended by such persons to provide that, upon the death of any one of them, all rights, title, interest, and claim in, to, and in respect of such deposit account, less all proper setoffs and charges in favor of the institution, vest in the surviving person or persons. Any deposit or account made in the name of two persons who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified in writing.

10.     To legally establish a valid TBE, Florida law requires six elements (known as "unities") to be present at the time the property was acquired. *Beal Bank SSB v. Almand & Assocs.*, 780 So.2d 45, 52 (Fla. 2001). These six unities are:

- Unity of Possession - both spouses must have equal ownership, use, and control over the property.

- Unity of Interest – the interests of both spouses must be identical in scope, meaning they share the whole rather than a fraction.

- Unity of Title – the spouses' ownership interests must have originated from the exact same legal instrument.

- Unity of Time – the spouses' interests must have vested simultaneously.

- Survivorship – upon the death of one spouse, the surviving spouse automatically becomes the sole owner of the property without needing to go through probate.

- Unity of Marriage - the co-owners must be legally married to each other when the property became titled in their joint names.

11.     TBE property cannot be partitioned, severed, encumbered, or transferred without the consent of both spouses. *Douglass v. Jones*, 422 So. 2d 352, 354-55 (Fla. 5th DCA 1982) ("It is well settled in Florida that an estate by the entireties is vested in the husband and wife as one person . . ."); *U.S. v. One Single Family Residence With Outbuildings Located at 15621 S.W. 209th*

3

*Ave., Miami, Fla.*, 894 F.2d 1511, 1514 (11th Cir.1990) ("[E]ach spouse's interest comprises the whole or entirety of the property and not a divisible part; the estate is inseverable."); *McGregor v Chierico*, 206 F.3d 1378, 1385 (11th Cir. 2000) (finding that "severance of a tenancy by the entirety for the purpose of taking the property owned by a guilty spouse, works a partial taking of the innocent spouse's property" and the partial taking results from the fact that "[a] tenant by the entireties holds an indivisible right to own and occupy the entire property."); *Havoco of Am., Ltd. v. Hill*, 197 F.3d 1135, 1139 (11th Cir. 1999) (collecting cases).

12.     TBE property is exempt from the individual creditors of either spouse, offering a creditor protection benefit that other forms of joint ownership lack. *Beal Bank*, 780 So. 2d at 53 ("[W]hen property is held as a tenancy by the entireties, only the creditors of both the husband and wife, jointly, may attach the tenancy by the entireties property; the property is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse."). Protection even extends to remainder interests owned as TBE property. *Sunshine Res., Inc. v. Simpson*, 763 So. 2d 1078, 1081 (Fla. 4th DCA 1999).

13.     TBE property may only be reached by a creditor if that creditor holds a joint judgment against both spouses. *Williams v. M & R Constr. of N. Fla., Inc.*, 305 So. 3d 353, 354 (Fla. 1st DCA 2020) ("[T]he creditor or creditors seeking to levy the property must have a joint debt owed by both spouses. This is so because the '[p]roperty held by a married couple as tenants by the entireties belongs to neither spouse individually.' *In re Hinton*, 378 B.R. 371, 377 (Bankr. M.D. Fla. 2007)."); *In re Davis*, 403 B.R. 914, 922 (Bankr. M.D. Fla. 2009) (holding that creditor with judgments against wife for a fraudulent transfer and husband from a separate proceeding years earlier was prohibited from collecting against TBE property because "[t]wo separate judgments do not create a joint debt").

Homer Bonner
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

14.     Florida law has established that real property acquired in the names of both spouses creates a presumption of TBE property unless expressly stated otherwise. *Beal Bank*, 780 So. 2d at 54 ("Where real property is acquired specifically in the name of a husband and wife, it is considered to be a 'rule of construction that a tenancy by the entireties is created, although fraud may be proven.'") (quoting *First Nat'l Bank v. Hector Supply Co.*, 254 So. 2d 777, 780 (Fla. 1971)); *Ramos v. Est. of Ramos*, 329 So. 3d 172, 173 (Fla. 3d DCA 2021) ("Thus, '[a] conveyance to spouses as husband and wife creates an estate by the entirety in the absence of express language showing a contrary intent.'"); *In re Estate of Suggs*, 405 So. 2d 1360, 1361 (Fla. 5th DCA 1981) (citing *Losey v. Losey*, 221 So. 2d 417 (Fla. 1969)). And such presumption is not rebuttable, absent fraud. *Bridgeview Bank Grp. v. Callaghan*, 84 So. 3d 1154, 1155 (Fla. 4th DCA 2012).

15.     *Beal Bank* established a "presumption in favor of a [TBE] when a married couple jointly owns personal property." *Beal Bank*, 780 So. 2d at 57. *See also Gibson v. Wells Fargo Bank, N.A.,* 255 So. 3d 944, 950 (Fla. 2d DCA 2018); *Cacciatore v. Fisherman's Wharf Realty Ltd. P'ship*, 821 So. 2d 1251, 1252 (Fla. 4th DCA 2002); *In re Uttermohlen*, 506 B.R. 142, 146 (Bankr. M.D. Fla. 2012), *aff'd*, 525 F. App'x 916 (11th Cir. 2013); *In re Daniels*, 309 B.R. 54, 59 (Bankr. M.D. Fla. 2004).

16.     Similarly, vehicles are owned as TBE property if the conjunction "and" is used on the title between the names of the spouses. *See generally AmSouth Bank of Fla. v. Hepner*, 647 So. 2d 907, 910 (Fla. 1st DCA 1994).

17.     Intangible personal property including, but not limited to, investment accounts, brokerage accounts, stock certificates, limited liability company membership interests, and tax refunds, may be owned as TBE property. *See Wallace v. Torres-Rodriguez*, 341 So. 3d 374, 384 (Fla. 3d DCA 2022) (finding "all of the stock and cash in the Fidelity investments account" had

HomeR BonneR
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

retained TBE character); *Branch Banking & Trust Co. v. Crystal Ctr., LLC*, No. 8:15-CV-1462-T-30AAS, 2018 U.S. Dist. LEXIS 28703, at *16 (M.D. Fla. Feb. 2, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 27519 (M.D. Fla. Feb. 21, 2018) ("[T]he TD Ameritrade account is held as [TBE] and therefore out of…creditors' reach."); *Berlin v. Pecora*, 968 So. 2d 47, 51 (Fla. 4th DCA 2007); *In re Kossow*, 325 B.R. 478, 488 (Bankr. S.D. Fla. 2005) (finding that joint tax refunds are tenancy by the entireties property); *In re Freeman*, 387 B.R. 871, 875 (Bankr. M.D. Fla. 2008) (finding that joint tax refunds are tenancy by the entireties property).

18.     Here, the SEC unlawfully seized the Navelliers' TBE property and placed liens on their long-time Florida TBE residence to satisfy a judgment entered solely against Mr. Navellier. Because the property is owned as TBE, these liens unjustifiably infringe on Mrs. Navellier's rights and improperly cloud the title to the Navelliers' primary residence.

19.     In addition, through discovery in aid of execution, the SEC seeks to seize additional TBE-protected property belonging to the Navelliers.

20.     Through this action for declaratory and supplemental relief, the Navelliers challenge the SEC's seizure of and liens on their TBE assets and the SEC's attempts to collect on other TBE properties. The Navelliers seek the immediate release of the seized or liened TBE assets and a permanent injunction to prevent the SEC from making any further seizures or encumbering TBE assets with liens.

### FACTUAL BACKGROUND

21.     The Navelliers were married on July 2, 1995, and remain married today.

22.     For decades, the Navelliers have held various assets as TBE, including:

   a.   their primary TBE residence at 1440 S. Ocean Boulevard, Manalapan, Florida for over three decades and always as husband and wife;

Homer Bonner
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

b. thirteen automobiles;

    i. 1980 Mercedes 450SL
    ii. 2005 Cadillac Escalade
    iii. 2008 Maybach
    iv. 2010 Audi R8
    v. 2012 Audi RSQ8
    vi. 2014 Audi RS7
    vii. 2015 Porsche 918
    viii. 2016 Audi A3
    ix. 2018 Ferrari 488
    x. 2023 Porsche 718 RS
    xi. 2023 Cadillac Escalade
    xii. 2023 Ferrari SF90
    xiii. 2026 Cadillac CT5-V Blackwing

c. bank accounts at Sea Coast Bank and US Bank;

d. brokerage accounts at Fidelity and Charles Schwab;

e. a business operating under the name Navellier Analytics, LLC; and

f. joint federal tax refunds.

23. None of these TBE assets were fraudulently transferred. Nor were they purchased with the proceeds of the alleged misconduct described in the SEC Action (described below).

24. Under long-established Florida law, the Navelliers possess an indivisible interest in these TBE properties, meaning the assets cannot be seized, liened, or severed unless a creditor obtains a valid judgment against *both* Mr. and Mrs. Navellier, which has not occurred.

25. Notwithstanding the strict protections afforded to TBE properties under Florida law, and the lack of a valid judgment against both Mr. and Mrs. Navellier, the SEC has unlawfully seized several of the Navelliers' TBE assets and encumbered others with liens.

### The SEC Action against Navellier & Associates, Inc. and Mr. Navellier.

26. On August 31, 2017, the SEC filed a civil lawsuit in the U.S. District Court for the District of Massachusetts against Navellier & Associates, Inc. ("NAI") and Mr. Navellier for

7

alleged violations of the Investment Advisers Act of 1940 (the "SEC Action"). Mrs. Navellier was not named in the SEC Action, nor was she ever joined as a party.

27.     NAI and Mr. Navellier vigorously contested and defended the SEC Action. However, after considering the parties' respective summary judgment motions, the trial court entered a joint and several judgment against NAI and Mr. Navellier on June 2, 2020.

28.     On September 21, 2021, the judgment was amended to a total of $31,869,890, consisting of $22,734,487 in disgorgement, $6,635,403 in prejudgment interest, and individual civil penalties of $2 million for NAI and $500,000 for Mr. Navellier (the "SEC Judgment"). Mr. Navellier's total personal and joint liability is $29,869,890.

29.     Mrs. Navellier has no liability. She remains completely exempt from the lawsuit, the SEC Judgment, and its associated financial penalties.

### The SEC records liens on the Navelliers' primary TBE residence.

30.     The Navelliers acquired their Florida home on July 1, 1998 as husband and wife, predating the commencement of the SEC Action by nineteen (19) years. The property has been continuously held as TBE since the date of purchase. *See* Warranty Deed made July 1, 1998, duly recorded at OR book 10507, Page 195 of the Official Records of Palm Beach County, Florida.

31.     On January 31, 2023, the SEC's Division of Enforcement, Office of Collections ("SEC Collections Office") recorded a judgment lien in the amount of $29,369.890 plus post-judgment interest against the Navellier's TBE-protected Florida home. *See* **Exhibit 1**.

32.     On February 20, 2026, the SEC recorded a second judgment lien against the Navelliers' TBE-protected Florida home for the exact same amount: $29,369.890 plus post-judgment interest. *See* **Exhibit 2**.

Homer Bonner
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

33. Ten days later, on March 2, 2026, the SEC recorded a third judgment lien for the exact same amount of $29,369.890 plus post-judgment interest against the Navellier's TBE-protected Florida home. *See* **Exhibit 3**.

### *The SEC seizes the Navelliers' joint federal tax refunds.*

34. The SEC has leveraged the Treasury Offset Program to enforce its personal judgment against Mr. Navellier.

35. The SEC directed the IRS and the Social Security Administration to intercept federal payments. Pursuant to those directions, the SEC has already seized two of the Navelliers' joint income tax refunds totaling $85,331.58 (consisting of $84,069 and $1,262.58) (collectively, the "Tax Refunds"). *See* **Exhibits 4 and 5**.

36. Unless this Court intervenes and expressly declares and orders the SEC to cease and desist its collection efforts, these federal seizures against TBE property will continue indefinitely.

### *The SEC's further collection efforts.*

37. Following the entry of the SEC Judgment, the SEC has aggressively pursued collection efforts against the Navelliers' TBE properties.

38. Through discovery in aid of execution (which began in July 2023), the SEC is attempting to uncover all real and personal TBE properties owned by the Navelliers. The SEC's ultimate goal is to locate, seize, and liquidate TBE assets owned by the Navelliers to satisfy the SEC Judgment, despite the protected status of those TBE assets.

39. In a continued effort to improperly collect against the indivisible TBE properties, the SEC issued a subpoena to JP Morgan Chase Bank on March 5, 2025. The subpoena demanded

Homer Bonner
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

documents for all accounts over which Mr. Navellier has held signature authority since January 1, 1995, wholly ignoring the fact that these are protected TBE accounts.

40.     Furthermore, the SEC has indicated that it has subpoenaed—and intends to continue subpoenaing—other banks and financial institutions to locate Mr. Navellier's accounts, explicitly and unlawfully targeting TBE accounts held by Mrs. Navellier.

### *The SEC's collection actions are unlawful.*

41.     As alleged in more detail above, because Mrs. Navellier is not a judgment debtor of the SEC, properties held as TBE cannot be seized to satisfy Mr. Navellier's individual debt. *E.g.*, *In re Kossow* 325 B.R. 478, 485, 488 (Bankr. S.D. Fla. 2005); *In re Hinton* 378 B.R. at 378; *Beal Bank*, 780 So.2d. at 58 (establishing strong legal presumption of TBE for joint marital assets unless specifically disclaimed in writing).

42.      Tax refunds are tenants by the entireties properties. *In re Kossow*, 325 B.R. 478, 488 (Bankr. S.D. Fla. 2005) (federal tax refunds from joint tax returns are tenancy by the entireties property); *In re Freeman*, 387 B.R. 871, 875 (Bankr. M.D. Fla. 2008) (joint tax refund is TBE property). Therefore, those tax refunds cannot be used to satisfy Mr. Navellier's debt. *In Re Hinton,* 378 B.R. 371, 378 (Bankr. M.D. Fla. 2007) (husband and wife's joint federal tax refunds are TBE property). The SEC cannot take Mrs. Navellier's tenants by the entireties property to satisfy the SEC Judgment against Mr. Navellier. Such a taking by the SEC would be a violation of Mrs. Navellier's Fifth Amendment right against the government taking her property without just compensation. *McGregor v. Chierico,* 206 F.3d. 1378, 1385 (11th Cir. 2000) ("severance of a tenancy by the entirety for the purpose of taking the property owned by a guilty spouse, works a partial taking of the innocent spouse's property"); *United States v. One Single Family Residence, et. al.*, 894 F.2d. 1511, 1515-1516 (11th Cir. 1990) ("[T]he government cannot deprive Ibel

10

Aguilera of any interest she has in the property. The interest she has under Florida law is an undivided right of possession, title, and enjoyment of the whole property. To convert this right into a tenancy in common, where she has only the right to a portion of the property or a portion of the proceeds should the government pursue partition -- which could not occur with an entireties estate -- appears to us to be a taking without due process violating the Fifth Amendment of the federal Constitution."); *Havoco of Am. Ltd. v. Hill,* 197 F.3d. 1135, 1140 (11th Cir. 1999) (because both spouses have rights to due process, a plaintiff seeking to avoid the creation of tenancy-by-the-entireties property on the basis that the estate resulted from a fraudulent transfer must join both tenants in the proceedings). That is a Fifth Amendment federal question over which this Court has original subject matter jurisdiction (28 U.S.C. §1331) as a question arising under the Constitution.

43.     Consequently, the Court should declare and order the SEC to return any seized assets immediately, promptly remove any liens against TBE properties, and enjoin the SEC from any future actions against properties protected by Florida's TBE laws.

### *The Navelliers sue the SEC; but the court dismissed based on incorrect assumptions.*

44.     On September 8, 2025, the Navelliers filed a complaint against the SEC, seeking a declaratory judgment confirming that their TBE assets are legally shielded from any attempts by the SEC to collect on the judgment against Mr. Navellier ("Navellier Complaint"). *See Navellier v. SEC*, U.S. District Court for the Southern District of Florida Case No. 9:25-cv-81112-DMM.

45.     On January 1, 2026, the SEC moved to dismiss the Navellier Complaint. *See* **Exhibit 6**. The Navelliers filed their response in opposition on February 3, 2026, and the SEC filed its reply in support of its motion to dismiss on February 10, 2026. *See* **Exhibits 7 and 8**.

46.     In both its motion to dismiss and its reply, the SEC indicated it had not sought a levy on the Navelliers' TBE assets to satisfy the SEC Judgment. **Ex. 6** at p.12 ("[t]hat claim appears

Homer Bonner
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

to presume that the [SEC] will seek a levy on such assets to satisfy the Judgment"), p.14 ("[the Navelliers] will have the opportunity to argue before the District Court of Massachusetts that assets they hold as tenants by the entirety cannot be used to satisfy the Judgment if and when the [SEC] takes steps to enforce the judgment beyond seeking post-judgment discovery"), and footnote 16 ("[the Navelliers] would likewise have the ability to contest any [SEC] efforts to obtain a levy in Florida against the assets if the [SEC] took that route to enforce the Judgment instead of, or in addition to, a contempt proceeding"). **Ex. 8** footnote 8 ("[s]hould the [SEC] seek to place a lien or levy on any property [the Navelliers] claim to hold as tenants by entirety, [the Navelliers] would likewise have the opportunity to challenge the lien") and p.10 ("[s]imilarly, a quiet title claim would fail because [the Navelliers] do not allege that the [SEC] *has* obtained a lien as required for an action under 28 U.S.C. § 2410(a)") (emphasis in original).

47.     However, the SEC had filed a lien on the Navelliers' Florida residence three years earlier. **Ex. 1**.

48.     Also, on February 20, 2026, the SEC recorded its second judgment lien on the Navelliers' TBE-protected Florida home. **Ex. 2**.

49.     And on March 2, 2026, the SEC recorded a third judgment lien on the same TBE-protected property. **Ex. 3**.

50.     This third lien was recorded two days before the court entered its March 4, 2026 Order granting the SEC's motion to dismiss and closing the case. *See* **Exhibit 9**.

51.     Thus, the court was unaware of this lien activity and, as a result, believed the case was "not yet ripe" warranting a dismissal "on that ground." *Id.* at p.3.

52.     Specifically, the court believed any collection of the Florida assets was purely speculative and that the SEC had not yet attempted to seize them. Consequently, the court

HomeR BonneR
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

concluded, "[i]t remains speculative whether the SEC will pursue collection of the Florida assets" and therefore, "this issue is not yet fit for judicial determination." *Id*. at 5.

53.     The court also ruled that "[b]ecause the SEC has not attempted to collect a Florida asset . . . [the Navelliers] are not automatically subject to any legal obligations with respect to the Florida assets and the facts suggest that it is not inevitable that they will be." *Id*. at p.6.

54.     In short, the court dismissed the Navelliers' suit on the mistaken assumption that collecting on the Navelliers' Florida assets was purely speculative.

## COUNT I
## 28 U.S.C §§ 2201-2202
### (Declaratory Judgment and Supplemental Relief)

55.     The Navelliers repeat, reassert, and reallege each of the allegations in Paragraphs 1 through 54 above as if fully set forth herein.

56.     The SEC currently holds a $29,869,890 judgment against NAI and Mr. Navellier, only.

57.     The SEC does not hold a judgment against Mrs. Navellier. Moreover, she has never been a party to the SEC Action.

58.     The SEC continues to execute its judgment against Mr. Navellier by seizing and encumbering indivisible TBE properties (referenced in Paragraphs 21 through 25 and 30 through 36 above). Because Mrs. Navellier is not a judgment debtor, her indivisible interest in these properties is legally shielded from SEC collection.

59.     The Navelliers own these assets as TBE. The SEC has invalidly seized and placed liens on these assets—and threatens to continue doing so—to satisfy its judgment against Mr. Navellier alone.

Homer Bonner
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

60.     An actual, justiciable, and continuing controversy exists between the parties. The Navelliers maintain that these properties are indivisibly owned as TBE and are completely shielded from attempted execution. Conversely, the SEC erroneously asserts that these assets do not qualify as TBE property and has wrongfully sought to collect its judgment against them.

61.     Thus, there is an active dispute regarding whether the SEC has the legal authority to execute its judgment against Mr. Navellier using TBE assets jointly held by Mrs. Navellier.

62.     There is an actual and present need for this Court to declare that these assets, because they are indivisibly owned by the Navelliers as TBE, are unavailable for execution to satisfy the SEC's judgment against Mr. Navellier.

63.     There is a further need for a judicial declaration and supplemental relief that the SEC improperly seized the Navelliers' joint federal tax refunds in the amount of $84,069 and $1,262.58 because Mrs. Navellier is not a judgment debtor and, therefore, these funds must be returned to the Navelliers.

64.     Declaratory and supplemental injunctive relief is also necessary to remove the $29,369,890 judgment liens the SEC has recorded against the Navelliers' TBE Florida home.

65.     Furthermore, the Navelliers require supplemental injunctive relief barring the SEC from future collection actions against their TBE properties.

66.     Accordingly, the Navelliers respectfully request a declaratory judgment confirming the specified assets' TBE status and that the SEC is legally barred from seizing these properties to satisfy its judgment against Mr. Navellier and NAI.

67.     The Navelliers further request supplemental and injunctive relief ordering the SEC to: (a) remove all judgment liens recorded against the Navelliers' TBE-protected Florida home;

Homer Bonner
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

(b) return the sum of $85,331.58 for the two improperly seized federal tax refunds; and (c) remove Mr. and Mrs. Navellier from the Treasury Offset Program.

68.     The relief requested herein is necessary and proper because the Navelliers lack an adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, pursuant to 28 U.S.C. §§2201-2202 and the other statutes identified herein, the Navelliers respectfully request this Court enter a judgment granting them the following relief:

A.     A declaration establishing the real and personal properties described herein are owned by the Navelliers as "tenants by the entireties," and, consequently, further declaring the SEC cannot execute its judgment against Mr. Navellier or NAI by seizing, placing liens on, or taking collection actions against these TBE held assets;

B.     A permanent injunction, including pursuant to 5 U.S.C. §702 and 26 U.S.C. §6402(g), directing the SEC to cease and desist all actions to seize, lien, or collect against the Navelliers' "tenants by the entireties" properties. This includes an order requiring the SEC to remove all recorded judgment liens against these properties and to return the tax refunds wrongfully seized in the amounts of $84,069 and $1,262.58, plus applicable interest, and remove the Navelliers from the Treasury Offset Program; and

C.     Such other, further and additional relief as this Court deems necessary, just, or proper, including relief to effectuate the requested declaratory relief pursuant to 28 U.S.C. § 2202.

15

Dated: June 8, 2026

Respectfully submitted:

**HOMER BONNER**
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Phone: (305) 350-5139
Email: phomer@homerbonner.com

By: /s/ *Peter W. Homer*
      Peter W. Homer, Esq.
      Florida Bar No. 291250

**HOMER BONNER**
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Phone: (305) 350-5139
Email: gtrask@homerbonner.com

By: /s/ *Gregory J. Trask*
      Gregory J. Trask, Esq.
      Florida Bar No. 055883

**Law Offices of Samuel Kornhauser**
155 Jackson Street, Suite 1807
San Francisco, California, 94111
Telephone: (415) 981-6281
Email: Samuel.kornhauser@gmail.com

By: /s/ *Samuel Kornhauser*
      Samuel Kornhauser, Esq.
      CA Bar No. 83528
      (*pro hac vice pending*)

***Attorneys for Plaintiffs***

HomeR BonneR
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com